J-S24044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEITH STUDMIRE | : | |
| | : | |
| Appellant | : | No. 1536 EDA 2021 |

Appeal from the PCRA Order Entered June 28, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009004-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEITH STUDMIRE | : | |
| | : | |
| Appellant | : | No. 1537 EDA 2021 |

Appeal from the PCRA Order Entered June 28, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009005-2017

BEFORE:  PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED AUGUST 23, 2022**

Keith Studmire (Studmire) appeals an order of the Court of Common

Pleas of Philadelphia County (PCRA court) summarily dismissing a petition for

---

[*] Retired Senior Judge assigned to the Superior Court.

post-conviction relief.[1]  In the two above-captioned cases, Studmire entered into a negotiated guilty plea and was sentenced accordingly to an aggregate prison term of 5 to 10 years.  Studmire now argues that he is entitled to relief because the alleged ineffectiveness of his counsel caused him to enter the plea involuntarily.  Moreover, Studmire contends that the PCRA court erred in dismissing his petition without a hearing because he had raised disputed issues of fact which would have warranted relief if resolved in his favor.  We affirm.

**I.**

On September 26, 2016, Studmire attempted to stab Shay Butler during an armed robbery.  Butler was unharmed and Studmire was not immediately apprehended.  A few hours after that attack, at about 2:00 a.m. the following morning, Studmire fought with Michael Brown in a restaurant and Brown sustained a stab wound in his stomach.  Brown required emergency medical treatment to treat his injuries.

Studmire was soon arrested for the attacks on Butler and Brown and he was charged with several offenses.[2]  Upon being taken into custody, the trial

---

[1] Studmire's collateral claims are governed by the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

[2] In the two subject cases, Studmire was charged with robbery, aggravated assault, possession of an instrument of crime, simple assault, and reckless endangerment of another person.

court found Studmire not competent to proceed. He was dually committed to a detention center forensic unit and hospital for evaluation.

This commitment was extended several times until August 1, 2017, when the trial court deemed Studmire competent to stand trial. However, Studmire was again deemed incompetent on April 23, 2018. The commitment resumed so that Studmire's competence could be further evaluated. Finally, on December 13, 2018, the trial court found that Studmire was competent but in need of mental health treatment. He was again deemed competent on September 17, 2019, and a trial date was set.

Once trial proceedings resumed, the Commonwealth offered Studmire a total prison term of 5 to 10 years in exchange for guilty pleas as to the counts of robbery (CP-51-CR-0009004-2017) and aggravated assault (CP-51-CR-0009005-2017). Studmire rejected that offer in open court on October 2, 2019.

In response, the trial court advised Studmire that the charges carried a maximum prison term of 50 years. As to Studmire's mental capacity, the trial court was informed that Studmire had been diagnosed with schizophrenia in 2003, but that he was currently stable with the help of prescribed medications. The trial court noted that a doctor had recently evaluated Studmire and concluded from the evaluation that Studmire was competent to stand trial and assist in his own defense. The trial court also asked Studmire if he had a chance to discuss the plea offer with his attorney, and Studmire replied

affirmatively. A jury was selected and a trial was scheduled to begin the next day.

On October 3, 2019, just prior to the commencement of trial, Studmire reconsidered the Commonwealth's plea offer. The trial court again asked Studmire if he had discussed the plea with his trial counsel. Studmire responded that he had not yet had that discussion.

The trial court then directed Studmire to confer with counsel prior to making a decision on the pending plea offer. Later that day, Studmire appeared before the trial court, at which time the plea colloquy was completed. Studmire proffered two signed guilty plea forms.

Studmire affirmed in the written plea form and verbally to the trial court that his counsel had explained to him all of the pending charges and possible penalties, as well as the fact that by pleading guilty to robbery and aggravated assault, he would be giving up his right to trial and almost all appellate rights. Studmire acknowledged that he was pleading guilty because he was guilty of committing the subject offenses. The trial court accepted Studmire's guilty pleas and he was sentenced in accordance with the negotiated plea agreement.

However, on October 18, 2019, Studmire again changed his mind about wanting to accept the Commonwealth's plea offer. On that date, Studmire filed a post-sentence motion for reconsideration of discretionary aspects of his sentence. He also filed a *pro se* motion to have new trial counsel appointed

on the ground that his counsel at the time of the pleas had failed to review any strategies that may have resulted in the dismissal of the two cases. The trial court treated this latter filing as a PCRA petition. *See* Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. PCRA counsel was appointed by the trial court.

On February 21, 2020, the post-sentence motion was denied by operation of law and Studmire appealed. This direct appeal was timely filed, but Studmire discontinued it before it was fully adjudicated. Studmire's PCRA counsel later filed on October 21, 2020, an amended PCRA petition on Studmire's behalf. The central claim in the petition was that Studmire's guilty pleas were involuntarily or unknowingly entered due to the ineffectiveness of trial counsel. That is, Studmire claimed in the amended PCRA petition that trial counsel was ineffective in failing to raise the defense of insanity and did not adequately inquire into whether Studmire was competent to enter a plea. The Commonwealth moved to dismiss the amended PCRA petition, and on May 27, 2021, the PCRA court entered a Rule 907 notice of intent to summarily dismiss the petition in 30 days for lack of merit. *See* Pa.R.Crim.P. 907.

The PCRA court summarily dismissed the petition on June 28, 2021. Studmire timely appealed, arguing in his brief that trial counsel provided ineffective assistance by causing him to enter an involuntary guilty plea, and that the PCRA court abused its discretion by dismissing his petition without an evidentiary hearing. The PCRA court submitted a 1925(a) Opinion outlining

- 5 -

the reasons why the order on review should be affirmed. **See** PCRA Court Opinion, 12/3/2021, at 1-10.

Studmire now asserts two grounds for PCRA relief in this appeal. He argues first that his counsel's ineffectiveness rendered his guilty plea involuntary. The somewhat undeveloped sub-issues of this first claim are that counsel did not develop an insanity defense, counsel did not explore whether Studmire was competent to stand trial or enter a plea, and counsel did not explain the advantages and disadvantages of pleading guilty. Second, Studmire argues that the PCRA court erred in dismissing his petition without an evidentiary hearing. **See** Appellant's Brief, at 7. Each of these claims will be addressed in turn below.

## II.

## A.

Studmire's first claim is that his guilty plea resulted from the ineffectiveness of trial counsel.[3]

---

[3] "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (quoting **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Beatty**, 207 A.3d at 961.

We begin by noting that a defendant's guilty plea must be made knowingly, intelligently and voluntarily. **See Commonwealth v. Myers**, 642 A.2d 1103, 1105 (Pa. Super. 1994). A plea of guilty will be deemed valid if the circumstances surrounding the entry of the plea show that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. **See Commonwealth v. Fluharty**, 632 A.2d 312, 315 (Pa. Super. 1993).

Crucially, a defendant is bound by the sworn statements made at the time a plea is entered, and any subsequent grounds for vacating the plea cannot contradict those contemporaneous sworn statements. **See Commonwealth v. Willis**, 68 A.3d 997, 1009 (Pa. Super. 2013); **Commonwealth v. Stork**, 737 A.2d 789, 790–91 (Pa. Super. 1999) ("A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled").

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*). Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." **Stork**, 737 A.2d at 790 (citation and internal brackets omitted).

A defendant is deemed competent to enter a plea if he can understand the nature of the charged crimes, he can cooperate with his counsel in forming a rational defense, and he has a rational and factual understanding of the proceedings against him. *See Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citing *Commonwealth v. Frey*, 904 A.2d 866, 872 (Pa. 2006)).

The PCRA affords criminal defendants the right to effective assistance of counsel, and that right applies with respect to plea proceedings:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.*, there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations and quotations omitted).

The reasonableness of counsel's investigation and advice to a defendant regarding a potential plea depends upon evidence known to counsel. *See generally Commonwealth v. Hughes*, 865 A.2d 761, 813-14 (Pa. 2004).

Trial counsel is presumed to be effective and a PCRA petitioner has the initial burden of proving ineffectiveness by a preponderance of the evidence. **See Commonwealth v. Robinson**, 82 A.3d 998, 1005 (Pa. 2013). The failure to satisfy any of the three prongs of an ineffectiveness claim will bar PCRA relief. **See Commonwealth v. Chmiel**, 30 A.3d 1111, 1128 (Pa. 2011).

Here, Studmire's written colloquy and the transcripts of his verbal plea colloquy refute his claims that counsel failed to confer with him about the plea; that Studmire was incompetent for the purposes of entering a plea; or that counsel caused Studmire to enter an involuntary plea by failing to raise or develop a potential insanity defense.

Contrary to Studmire's PCRA claims, the record establishes that Studmire was found *competent* to participate in the proceedings prior to the entry of his guilty plea:

> Trial Court: And just so the record is clear, I had forgot to mention yesterday while [Studmire] was still here, that we had received the mental health evaluation from Dr. James Jones, psychiatrist with the court. And he indicated on page three that Mr. Studmire is competent to assist in his own defense, and thus is able to proceed to trial.

Plea Hearing Transcript, 10/3/19, at p. 6.

The record contains no evidence that Studmire's trial counsel had any reason to doubt the medical conclusion of the psychiatrist who had evaluated Studmire to determine his competency to stand trial. Just as importantly, Studmire is unable to identify any evidence of record supporting his claim that he was incompetent at the time he entered his guilty pleas. Accordingly,

Studmire cannot establish any underlying legal merit to the ineffectiveness claim that counsel lacked a reasonable basis for his conduct or that Studmire suffered prejudice as a result of counsel's performance in this regard.

Nor is there any record support for Studmire's related claim that counsel failed to review the merits or disadvantages of accepting the Commonwealth's plea offer. Rather, Studmire is bound by the sworn statements in his written guilty plea colloquy where he affirmed that he had decided to plead guilty after reviewing the case with his counsel:

> I am satisfied with the advice I received from my lawyer. My lawyer spent enough time on my case and I had enough time to talk with my lawyer about the case. My lawyer left the final decision to me and I decided myself to plead guilty.

Written Guilty Plea Colloquy, 10/3/2019, at p. 3.

He is also bound by his verbal guilty plea colloquy. The record shows that the trial court had specifically inquired of Studmire whether he had discussed the plea offer with counsel before the plea had been entered:

> Trial Court: And have you discussed the pros and cons, the good things, the bad things, the advantages and disadvantages of accepting the Commonwealth's offer with your lawyer?
>
> Studmire: No, ma'am.
>
> Trial Court: Do you wish to have a conversation with him about that now?
>
> Studmire: Yes, ma'am.
>
> Trial Court: Okay. Can you put him in the booth, please? Thank you. I mean, just for the record, I went over some of the advantages yesterday because I indicated what he would be facing if he would have been found guilty on all the charges, would be, I

- 10 -

think, 50 years in jail. And five to ten is a whole lot less than that. That was one of the advantages. But let me have counsel to have a conversation. And I noticed that when you came out, you had a piece of paper in your hand. You were going to read from that?

Studmire: Yeah, I actually had wanted to say something, but I didn't know I had the chance to speak to my –

Trial Court: You can speak to him now, first.

Studmire: Okay.

Trial Court: Can you put him in the booth, please?

Trial Counsel: Thank you.

Plea Hearing Transcript, 10/3/19, at pp. 7–8.

It was only after Studmire conferred with counsel at the trial court's suggestion that Studmire testified that he wished to plead guilty rather than proceed to trial:

Trial Court: Did your lawyer explain to you the charges to which you're pleading guilty and the maximum possible penalty which could be imposed?

Studmire: Yes, ma'am.

Trial Court: Did your lawyer explain to you that you're presumed innocent and you have the right to have a trial by Judge or jury if you want?

Studmire: Yes.

Trial Court: And, in fact, we have a jury panel in the back that we picked yesterday because you indicated originally that you wished to go to trial, but today you've indicated that you wish to accept the Commonwealth's offer and not go to trial; is that correct?

Studmire: Yes, ma'am.

Trial Court: Did your lawyer explain to you that by pleading guilty you're giving up all rights to trial and almost all rights on appeal?

Studmire: Yes.

Trial Court: Anyone threaten you, or force you, or make you plead guilty to these charges?

Studmire: No.

Trial Court: Are you doing so of your own free will?

Studmire: Yes.

Plea Hearing Transcript, 10/3/19, at pp. 10–12.

Again, Studmire is bound by those sworn statements and may not contradict them in order to challenge the effectiveness of his counsel or the voluntariness of his plea. *See Willis*, 68 A.3d at 1009. Thus, Studmire cannot establish any of the three prongs of a PCRA ineffectiveness claim.[4]

**B.**

Studmire's final claim is that the PCRA court erred in summarily dismissing his PCRA petition because he had raised genuine issues of fact as to whether his trial counsel performed ineffectively at the time the guilty pleas were entered. Like Studmire's first claim, this second ground for PCRA relief

---

[4] For the same reasons, the record refutes Studmire's claim that trial counsel was ineffective in failing to discuss an insanity defense with him. Notwithstanding intermittent determinations of incompetence between his arrest and the plea colloquy, Studmire has identified no record evidence which would have supported a defense of insanity at the time the subject crimes were committed. Thus, this undeveloped sub-claim has no merit and no relief is due.

has no merit because the record establishes the absence of any material issue of fact.

The right to an evidentiary hearing is not absolute. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). Rather, when a claim is directly refuted by the facts adduced from the record, a court may dismiss the claim without holding an evidentiary hearing. *See Commonwealth v. Cappelli*, 489 A.2d 813, 819 (Pa. Super. 1985); *see also Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002) (holding that PCRA court may deny a petition without an evidentiary hearing where it determines that the claims raised are without merit and would not entitle petitioner to post-conviction collateral relief); Pa.R.Crim.P. 907(2) (permitting PCRA court to summarily dismiss a PCRA petition if there are no disputed factual issues to be resolved at an evidentiary hearing).

Here, the PCRA court committed no error by summarily dismissing Studmire's petition because the record factually refuted his claims. *See* Pa.R.Crim.P. 902(a)(15). Studmire has identified no evidence that would have established (a) his lack of competency to voluntarily enter a guilty plea at the time the plea was entered; (b) that trial counsel failed to adequately discuss with him benefits of the Commonwealth's plea offer in light of the overwhelming evidence of guilt and resulting exposure to a 50-year prison term; or (c) the viability of an insanity defense. Thus, Studmire failed to raise

a genuine issue of fact as to any of his effectiveness claims, and the PCRA court acted within its discretion in summarily dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022